# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND McGINNIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. ATKINSON,<br><br>　　　　Defendant. | 1:12cv02045 AWI DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY UNDER RULE 56(D)<br><br>(Documents 30, 32) |

　　　　This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Raymond McGinnis, a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this action on December 17, 2012. The action is proceeding against Defendant Atkinson for violation of the Eighth Amendment.

　　　　Defendant filed a motion to dismiss based on Plaintiff's failure to exhaust on December 13, 2013. On April 16, 2014, the Court converted the motion into a motion for summary judgment and ordered the parties to inform the Court whether additional exhaustion-related discovery was necessary.

　　　　On May 8, 2014, Defendant informed the Court that no additional discovery was needed.

　　　　On May 19, 2014, Plaintiff filed a motion entitled, "Motion for Order of Discovery." The Court ordered Plaintiff to clarify his request, and on June 16, 2014, Plaintiff filed request for exhaustion-related discovery pursuant to Federal Rule of Civil Procedure 56(d). Defendant did not oppose the motion and it is now deemed submitted pursuant to Local Rule 230(l).

# DISCUSSION

## A. LEGAL STANDARD

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).

In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

## B. ANALYSIS

Part of the issue in the exhaustion analysis is whether Plaintiff received certain appeal documents and acted accordingly to exhaust his appeals.  In his request for discovery, Plaintiff submits two requests for production of documents relating to the appeals process.

After reviewing Plaintiff's request, the Court GRANTS Plaintiff's motion and will permit discovery <u>limited to the two Requests for Production of Documents submitted with Plaintiff's motion</u>.

Plaintiff must serve this limited discovery on Defendant within twenty-one (21) days of the date of service of this order.  Defendant must respond within thirty (30) days of service.

Any supplemental opposition shall be due within thirty (30) days of receiving responses to discovery. Defendant's reply, if any, shall be due within fourteen (14) days of service of the supplemental opposition.

IT IS SO ORDERED.

Dated: __**July 9, 2014**__                          /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE