# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND McGINNIS,<br><br>    Plaintiff,<br><br>  v.<br><br>B. ATKINSON,<br><br>    Defendant. | 1:12cv02045 AWI DLB PC<br><br>ORDER REGARDING PLAINTIFF'S DISCOVERY MOTIONS<br><br>(Documents 37 and 38) |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Raymond McGinnis, a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this action on December 17, 2012. The action is proceeding against Defendant Atkinson for violation of the Eighth Amendment.

Defendant filed a motion to dismiss based on Plaintiff's failure to exhaust on December 13, 2013. On April 16, 2014, the Court converted the motion into a motion for summary judgment and on July 10, 2014, the Court granted Plaintiff's request for limited exhaustion-related discovery pursuant to Federal Rule of Civil Procedure 56(d).[1]

On September 19, 2014, Plaintiff filed the instant motions to compel. Defendant filed his opposition on October 6, 2014. Plaintiff did not file a reply and the motion is deemed submitted pursuant to Local Rule 230(l).

---

[1] On September 26, 2014, the Court administratively denied Defendant's motion for summary judgment without prejudice to refiling once the instant discovery disputes are resolved.

1

**LEGAL STANDARD**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.

**DISCUSSION**

In his motion to compel, Plaintiff states that Defendant "failed to answer" discovery served on June 9, 2014. ECF No. 38, at 1. According to the attachment, Plaintiff served two Requests for Production on Defendant, who provided responses on or about August 19, 2014. Plaintiff does not explain why he believes that the responses are insufficient, though the Court will review the responses in an effort to resolve the motion on the merits. *Hunt v. County of Orange*, 672 F.3d 606,

2

616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**Request for Production Number 1**

*Request:*

Plaintiff requests institution's response of the conclusion of the investigation of Plaintiff's staff complaint that was sent to Plaintiff.

*Response:*

Defendant objects on the grounds that the request is vague and ambiguous as to time, and requires Defendant to speculate as to what Plaintiff is seeking. Without waiving these objections, after a diligent search, Defendant has no responsive documents in his possession, custody or control.

*Analysis:*

The Court agrees that Plaintiff's request is vague and ambiguous, making it unclear exactly what document(s) he seeks. Nonetheless, in his opposition, Defendant states that "assuming that Plaintiff requests the institutions response to Staff Complaint KVSP-O-11-01406, Defendant has located a document which may be responsive."[2] ECF No. 40, at 5. Specifically, Defendant provided a copy of the 602 screening form dated October 25, 2011, that was sent to Plaintiff concerning his October 10, 2011, staff complaint. Chen Decl. ¶ 3. Defendant has provided Plaintiff with a courtesy copy, noting that the request indicates that the document was already sent to Plaintiff. The document was also part of Defendant's motion to dismiss. Chen Decl. ¶ 3.

Other than this document, Defendant states that he has no other responsive documents in his possession, custody or control.

Defendant has therefore supplemented his response with a document that appears responsive, or at least as responsive as possible given the ambiguous nature of the request. Defendant also states that he has no further responsive documents.

The Court finds that Defendant's response is sufficient and DENIES Plaintiff's motion to

---

[2] Defendant's counsel, Janet N. Chen, states that she did not prepare the original responses to the requests. After conducting her own investigation, she located a document that she believes may be responsive. Chen Decl. ¶¶ 2-3.

compel a further response.

**Request for Production Number 2**

*Request:*

Any and all rules, regulations and policies regarding the procedures about informing inmates about Third Level review after a staff complaint inquiry investigation becomes final.

*Response:*

Defendant objects on the grounds that the request is overbroad, burdensome, vague as to time, and ambiguous. Without waiving these objections, Defendant responds as follows: To the extent Plaintiff is requesting information on policies governing appeals, the following documents will be produced to Plaintiff:

(1) Pertinent pages of the California Code of Regulations title 15, §§ 3084-3084.7, updated through January 1, 2011, as provided by the California Department of Corrections and Rehabilitation (Bates No. 2(1)-1 through 2(1)-8);

(2) Pertinent pages of the Operations Manual of the State of California, California Department of Corrections and Rehabilitation, updated through January 1, 2011 (Bates No. 2(2)-1 through 2(2)-11);

(3) California Code of Regulations title 15, §§ 3084-3084.9 (Westlaw printout, current through 8/1/14) (Bates No. 2(3)-1 through 2(3)-34); and

(4) Chapter 5, article 53, of the Department Operations Manual, State of California, California Department of Corrections and Rehabilitation, revised July 29, 2011 (Bates No. 2(4)-1 through 2(4)-34).

*Analysis:*

Defendant has provided Plaintiff with copies of responsive documents, including the sections both that were in effect at the time of the incident *and* current/revised sections. To the extent that Plaintiff argues that he did not receive the attached documents with the responses, Defendant has provided another copy.

Given Defendant's extensive response, and Plaintiff's failure to explain why he believes that the response is inadequate, the Court DENIES Plaintiff's motion to compel a further response.

4

**ORDER**

For the above reasons, Plaintiff's motion to compel, and his related request for sanctions, are DENIED.

Defendant is required to file a responsive pleading within thirty (30) days of the date of service of this order. In addition to a responsive pleading, Defendant may refile his motion for summary judgment within this time frame. At this time, because the Court has already granted Rule 56(d) discovery and Defendant will likely file a motion for summary judgment based on exhaustion, the Court will not open merits-based discovery. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) ("If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later-if it becomes necessary-discovery directed to the merits of the suit.").

IT IS SO ORDERED.

Dated:  **November 6, 2014**          /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE