# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RAYMOND McGINNIS, | 1:12cv02045 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST |
| v. | |
| B. ATKINSON, | (Document 45) |
| Defendant. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Raymond McGinnis, a state prisoner proceeding pro se and in forma pauperis.  Plaintiff filed this action on December 17, 2012. The action is proceeding against Defendant Atkinson for violation of the Eighth Amendment.

On December 13, 2013, Defendant filed an unenumerated Rule 12(b) motion to dismiss based on exhaustion.  On March 20, 2014, the Court issued Findings and Recommendations that the motion be granted.

However, on April 16, 2014, after the Ninth Circuit's decision in Albino v. Baca, the Court vacated the Findings and Recommendations and converted the motion into a motion for summary judgment.  On July 10, 2014, the Court granted Plaintiff's request for limited discovery related to exhaustion and permitted him to file a supplemental opposition.

On September 26, 2014, the Court administratively denied the motion for summary judgment because of pending discovery issues.  The Court resolved the discovery issues on November 7, 2014.

Defendant filed the instant motion for summary judgment on December 9, 2014.[1]

---

[1] Defendant's motion included the required notifications for opposing summary judgment.

1   On February 12, 2015, after Plaintiff failed to oppose the motion, the Court issued an order to

2   Plaintiff regarding his failure to oppose Defendant's motion.  The Court granted Plaintiff an

3   opportunity to file an opposition, or notify the Court of his willingness to stand on his February 6,

4   2014, opposition to the prior motion.  The Court cautioned Plaintiff that his failure to communicate

5   with the Court may result in the Court deciding the motion without his input.

6   Despite the Court's warning, Plaintiff did not file an opposition or otherwise communicate

7   with the Court.  The motion is therefore deemed submitted pursuant to Local Rule 230(l).

8   **A.**   **PROCEDURAL HISTORY AND PRIOR ACTION**

9   Plaintiff filed this action on December 17, 2012.  On June 24, 2013, the Court issued an order

10   finding a cognizable Eighth Amendment claim against Defendant B. Atkinson.  Plaintiff's claim is

11   based the alleged unnecessary use of pepper spray on June 14, 2011.

12   Plaintiff filed a prior action against Defendant Atkinson concerning the same June 14, 2011,

13   incident, on August 12, 2011.[2]  The Court found a cognizable Eighth Amendment claim and ordered

14   service.  On March 5, 2012, Defendant filed a motion to dismiss based on exhaustion.  The Court

15   issued Findings and Recommendations that the motion be granted on June 25, 2012.  The Court

16   adopted the Findings and Recommendations on July 19, 2012, and the action was dismissed without

17   prejudice.

18   Plaintiff filed this action five months later.

19   **B.**   **PLAINTIFF'S ALLEGATIONS**

20   Plaintiff alleges that on June 14, 2011, while housed at Kern Valley State Prison ("KVSP"),

21   his cellmate, Inmate Harrison, had an issue with his food tray.  Inmate Harrison brought the issue to

22   the attention of Defendant Atkinson and C.O. Sedlezky, and he requested to see the head kitchen

23   worker.  At tray pick-up, Inmate Harrison gave Plaintiff's food tray to Defendant Atkinson and again

24   requested to see a kitchen worker or sergeant.

25   During this time, Plaintiff was sitting on the top bunk writing a letter.  Defendant Atkinson

26   and C.O. Sedlezky left the cell to complete tray pick-up in the housing unit, and then returned to

27

28   [2]  The Court may take judicial notice of court records in other cases.  United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

2

Plaintiff's cell for the other tray.  Inmate Harrison told them that he was not giving them the tray.

The officers pulled out pepper-spray and ordered the tower officer to open the cell door.  Inmate

Harrison backed away from the door, and Defendant Atkinson retrieved the food tray from the sink

and left the cell.

About five minutes later, Inmate Harrison covered up the window with paper.  Defendant

Atkinson and C.O. Sedlezky returned to the cell and talked to Inmate Harrison through the

uncovered side window.  Both officers told Inmate Harrison to take down the window covering.

Defendant Atkinson then told the tower officer to open the cell door.  The door opened about a foot

and the tray slot was open.  C.O. Sedlezky then pepper-sprayed Inmate Harrison, who moved

towards the back of the cell.

At this time, Plaintiff was still sitting on the top bunk.  He looked towards the tray slot, while

he remained seated on his bed.  Defendant Atkinson then pointed his pepper spray in Plaintiff's

direction and pepper-sprayed Plaintiff for no reason.  The pepper spray hit Plaintiff directly in the

face.  Plaintiff yelled, "What are you spraying me for?"  C.O. Sedlezky then ordered Plaintiff to get

off his bed.  Plaintiff somehow made it to the floor and was ordered to cuff up.  Plaintiff and Inmate

Harrison were then cuffed and taken out of the cell.

**C.    LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may

look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court

concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.

Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust,

Albino, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and

that the prisoner did not exhaust that available remedy," id. at 1172.  If Defendant carries his burden,

the burden of production shifts to Plaintiff "to come forward with evidence showing that there is

something in his particular case that made the existing and generally available administrative

remedies effectively unavailable to him."  Id.  This requires Plaintiff to "show more than the mere

3

1    existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir.

2    2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the

3    undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a

4    defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However,

5    "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather

6    than a jury should determine the facts." Id.

7    **D.    APPEALS PROCESS**

8        The California Department of Corrections and Rehabilitation ("CDCR") has an

9    administrative grievance system for prisoners to appeal any departmental decision, action, condition,

10   or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1.

11   Generally, a prisoner must proceed through an initial informal level and three formal levels of

12   review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.5. In order to satisfy

13   section 1997e(a), California state prisoners are required to use this process to exhaust their claims

14   prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311

15   F.3d at 1199-1201.

16   **E.    UNDISPUTED FACTS[3]**

17       At all times relevant, Plaintiff was an inmate at KVSP, and Defendant was employed as a

18   Correctional Officer at KVSP. ECF No. 1, at 1-2.

19       Between June 14, 2011, and December 17, 2012 (when Plaintiff filed his complaint), he

20   submitted only one appeal originating from KVSP that was accepted and decided at the Third Level

21   of Review. This appeal, KVSP-12-02537, concerned Plaintiff's work incentive and did not address

22   his allegations against Defendant. Foston Decl. ¶ 8.

23       While at KVSP, Plaintiff submitted appeal KVSP-11-01406 concerning his June 14, 2011,

24   allegations against Defendant. Plaintiff submitted the appeal on June 19, July 24 and October 3,

25   2011. Tallerico Decl. ¶¶ 7-8.

26

27   _____

28   [3] Plaintiff did not file his own statement of undisputed facts, nor did he respond to Defendant's statement of undisputed facts. To the extent that any facts are relevant in Plaintiff's verified complaint and verified opposition, they will be included herein.

4

On October 6, 2011, the appeal was screened at the First Level of Review and rejected for several reasons.  The appeal was not signed or dated, the appeal had been earlier rejected and sent back to Plaintiff on July 28, 2011, and it was submitted forty-two days after the alleged June 14, 2011, incident.  The reviewer also noted that October 6, 2011, was sixty days after Plaintiff submitted his first appeal on the same issue.  Tallerico Decl. ¶ 9, Ex. B.

On October 25, 2011, the appeal was screened at the Second Level and cancelled due to a violation of time constraints.  Tallerico Decl. ¶ 10, Ex. C.  Plaintiff was found to have had the opportunity to timely submit his appeal, but he did not do so.  Tallerico Decl. ¶ 10, Ex. C.  However, due to the nature of the appeal issue, the appeal was referred to the Hiring Authority for an inquiry into staff misconduct.  Tallerico Decl. ¶ 10, Ex. C.

The bottom of the form 695 also advises inmates that they may not resubmit a cancelled appeal, but that they may separately appeal the cancellation decision.  Tallerico Decl. ¶ 11. However, Plaintiff did not do so.  Tallerico Decl. ¶ 11.

In his complaint, Plaintiff states that his appeal was screened  and cancelled at the Second Level.  He states, "I was told that filing my appeal to the Third Level was misuse or abuse of the appeals process since it was cancelled."  ECF No. 1, at 2.

On October 29, 2012, J.D. Lozano, Chief of Office of Appeals, wrote Plaintiff a letter explaining that Plaintiff was attempting to submit an appeal that was previously cancelled.  The letter advised that this is considered misuse or abuse of the appeals process, and that repeated may lead to appeal restriction.  ECF No. 18, at 14.

F.      **ANALYSIS**[4]

The parties do not dispute that Plaintiff filed appeals relating to the events at issue on June 19, July 24 and October 3, 2011.  However, there is no dispute that Plaintiff did not appeal his claim against Defendant to the Third Level.

---

[4]  The Court will review Plaintiff's February 6, 2014, opposition to the original motion to the extent any arguments remain relevant.

1    The following facts are not disputed.  Plaintiff first submitted his appeal on June 19, 2011.

2    He sent another appeal on July 24, 2011, and subsequently learned that on July 28, 2011, the

3    appeal was screened out and sent back.

4    On October 3, 2011, Plaintiff sent his appeal again.  On October 6, 2011, the appeal was

5    screened out at the First Level.  The letter explained to Plaintiff that (1) the appeal was not signed or

6    dated; (2) he had already submitted an appeal forty-two days after the June 2011 incident (July 26,

7    2011), that was rejected and sent back on July 28, 2011; and (3) sixty days later (October 3, 2011),

8    Plaintiff sent an appeal on the same issue.

9    On October 25, 2011, the appeal was cancelled at the Second Level due to a violation of time

10   constraints.  The bottom of the form advised Plaintiff that he could not re-submit a cancelled appeal,

11   but that he could separately appeal the cancellation decision.  Plaintiff did not do so.

12   The burden now shifts to Plaintiff to "to come forward with evidence showing that there is

13   something in his particular case that made the existing and generally available administrative

14   remedies effectively unavailable to him."  Albino, 747 F.3d at 1166.  Throughout his February 2014

15   opposition, Plaintiff sets forth his timeline of events, including his efforts to find out whether his

16   appeal had been received.  For example, Plaintiff states that he sent a June 28, 2011, request for

17   interview to Tarnoff, and a July 4, 2011, letter to the Office of Internal Affairs.  As evidenced

18   throughout his opposition, Plaintiff believed that he was being retaliated against because his appeals

19   were not received.

20   Through his inquiries, he learned that his June 19, 2011, appeal was not received, but that his

21   subsequent July 26, 2011, appeal *was* received.  He also learned that on July 28, 2011, his appeal

22   was screened out and sent back.  However, Plaintiff did not submit his appeal again until October 3,

23   2011.  The appeal was ultimately cancelled at the Second Level on October 25, 2011, and Plaintiff

24   did not appeal the cancellation.

25   Viewing Plaintiff's facts in a light most favorable to him, he has failed to establish the

26   existence of any circumstances that made the appeals process unavailable.  Rather, Plaintiff knew

27   that his first appeal had not been received, and that his July appeal was sent back.  Plaintiff then

28   waited until October 3, 2011, to attempt to remedy the deficiencies.  He does not offer any reason for

6

1   the delay.  Plaintiff was informed on October 25, 2011, that his appeal was cancelled and that he

2   could appeal the cancellation.  It is undisputed that he did not appeal the cancellation.

3           Instead, it appears that in October 2012, Plaintiff submitted an appeal directly the Third

4   Level.  According to an October 29, 2012, letter from the Office of Appeals submitted by Plaintiff,

5   the office determined that Plaintiff was attempting to submit an appeal that had been previously

6   cancelled.  Plaintiff was advised that this is considered misuse or abuse of appeals process, and that

7   repeated violations may lead to appeal restriction.  ECF No. 18, at 14.

8           Indeed, in his complaint, Plaintiff suggests that he did not exhaust his appeal because he was

9   told that filing a previously cancelled appeal at the Third Level was abuse of the appeals process.

10  However, Plaintiff is relying on a response to an appeal that he submitted over *one year* after the

11  October 25, 2011, cancellation.  This does not, in any way, suggest that Plaintiff was prevented from

12  properly exhausting his appeal.

13          Accordingly, the Court finds that Plaintiff has not met his burden of demonstrating that

14  exhaustion was unavailable, and that Defendant's motion for summary judgment should be granted.[5]

15  **D.      CONCLUSION AND RECOMMENDATION**

16          Based on the foregoing, it is HEREBY RECOMMENDED that:

17          1.      Defendant's motion for summary judgment, filed December 9, 2014, be GRANTED;

18                  and

19          2.      This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to

20                  exhaust.

21          These Findings and Recommendations will be submitted to the United States District Judge

22          assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30)

23  days after being served with these Findings and Recommendations, the parties may file written

24  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

25  Findings and Recommendations."  A party may respond to another party's objections by filing a

26

27  ---

    [5]  The Court notes that this result in consistent with the July 19, 2012, dismissal in Plaintiff's prior action, McGinnis v.
    Atkinson, 1:11-cv-01337-LJO-JLT.  The only additional evidence submitted in *this* action was Plaintiff's October 2012
28  appeal, which did not suffice to exhaust, and which was likely the result of the July 2012 dismissal.

response within fourteen (14) days after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**August 18, 2015**__                    _____/s/ _Dennis L. Beck_

                                                UNITED STATES MAGISTRATE JUDGE

8